```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

SARAH SMEDLEY, et al.,          )
                                )
        Plaintiffs,             )
                                )
        v.                      )    NO.  3:12-0003
                                )    Judge Nixon/Bryant
GUYWN G. LAMBERT,               )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

Defendant Lambert has filed her motion to compel discovery and for fees (Docket Entry No. 13), by which she seeks an order requiring plaintiffs to serve supplemental responses to certain interrogatories and to produce certain documents responsive to her requests for production. Defendant also seeks an award of fees. Plaintiffs have responded in opposition (Docket Entry Nos. 17 and 18), and defendant has filed a reply (Docket Entry No. 21).

For the reasons stated below, the undersigned Magistrate Judge GRANTS in part and DENIES in part defendant's motion to compel discovery.

### Statement of the Case

In this diversity action, plaintiffs Sarah Smedley and Rachel Smedley seek an order setting aside an amendment to a family trust allegedly obtained by undue influence, an accounting, and an award of money damages in the amount of any trust disbursements improperly made by defendant (Docket Entry No. 1-1). Defendant has filed an answer denying liability and asserting certain affirmative defenses (Docket Entry No. 4).

## Summary of the Facts

The complaint alleges that on or about February 6, 2003, John T. Gleaves and his wife, Frances, executed a trust agreement that created certain family trusts. Mr. and Mrs. Gleaves had three adult children, Gail Smedley, Guywn Lambert, and John T. Gleaves, Jr.

The trust agreement provides that upon the death of either John T. Gleaves or Frances Gleaves, a portion of the deceased's share of the couple's estate was to be placed in a "Marital Trust" and the rest of the deceased's share placed in a "Family Trust." The Family Trust was not to be terminated until the death of the survivor of John T. Gleaves and Frances Gleaves.

The trust agreement further provided that John T. Gleaves and Frances Gleaves were to act as trustor, trustee, and beneficiary over the trust estate.

The agreement also provided that upon the termination of the Family Trust and the Marital Trust, all remaining assets were to be distributed in separate and equal shares to the three children of John T. Gleaves and Frances Gleaves, with the provision that Gail Smedley's share was to be held in trust for her children, Sarah Smedley and Rachel Smedley.

Frances Gleaves died on February 16, 2004, and her daughter, Gail Smedley, died two days later.

Following the death of Frances Gleaves, John T. Gleaves, acting as trustee, distributed from the Family Trust approximately $455,000 in three approximately equal shares to John T. Gleaves,

2

Jr., Guywn Lambert, and the Smedley Trust for the benefit of plaintiffs Sarah and Rachel Smedley.

In addition, after the death of Frances Gleaves, John T. Gleaves, as surviving spouse, executed an amendment to the trust agreement. This amendment resulted in the removal of John T. Gleaves, Jr. and the Smedley Trust for the benefit of plaintiffs as beneficiaries under the trust agreement, leaving defendant Guywn Lambert as the sole beneficiary. Plaintiffs claim that this amendment was wrongfully procured through the undue influence of defendant Lambert on her father, John T. Gleaves.

John T. Gleaves died on December 31, 2005.

## Analysis

<u>Documents withheld on claims of privilege</u>. Defendant challenges plaintiffs' withholding from production 22 documents listed on their privilege log (Docket Entry No. 13-1), based on a claim of common interest privilege (Documents numbered 1, 2, 3, 4, 5, 6, 8, 11, 12, 15, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31).

In a civil case in which state law supplies the rule of decision, state law also governs privilege. Federal Rule of Evidence 501. The Tennessee Court of Appeals discussed the "common interest privilege" in the case of *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 213-15 (Tenn. Ct. App. 2002). The court explained that the common interest privilege "recognizes the advantages of, and even necessity of, an exchange or pooling of information among attorneys representing parties sharing a common legal interest in litigation." *Boyd*, 88 S.W.3d at 213 (citing *Transmirra Prods.*

3

*Corp. v. Monsanto Chem. Co.,* 26 F.R.D. 572, 579 (S.D.N.Y. 1960)).It extends the scope of the attorney-client privilege by providing an exception to the general rule that communications made in the presence of or shared with third parties are not protected by the attorney-client privilege. The common interest privilege has frequently been referred to as the "joint defense privilege" because the privilege was originally and is now most commonly invoked in the context of a joint criminal defense. *Boyd*, 88 S.W.2d at 214 n. 13. Although originally applied in criminal cases, it has also been extended to civil proceedings. Id. at 214.

The common interest privilege widens the circle of persons to whom clients may disclose privileged communications, and permits the parties in a joint defense to communicate among themselves and with their attorneys on matters of common legal interest for the purpose of coordinating their joint legal strategies. Id. (Citing *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000)). However, the privilege applies only to communications given in confidence, and intended and reasonably believed to be part of an ongoing and joint effort to set up a common legal strategy. Id. (citations omitted).

The proponent of the common interest privilege has the burden of establishing the necessary elements of privilege. Id. (citations omitted). To carry this burden, the proponent must demonstrate: (1) that the otherwise privileged information was disclosed due to actual or anticipated litigation, (2) that the disclosure was made for the purpose of furthering a common interest in the actual or anticipated litigation, (3) that the disclosure was made in a manner not inconsistent with maintaining its

4

confidentiality against adverse parties, and (4) that the person disclosing the information has not otherwise waived the attorney-client privilege for the disclosed information. Id. at 214-15 (citations omitted).

Here, Defendant argues that the common interest privilege does not apply because several participants in the subject communication were not and are not parties to the current litigation and have no recognizable legal interest in the outcome of the litigation (Docket Entry No. 13 at 2). Plaintiffs insist that the participants in these communications are family members who do, in fact, have a genuine interest in seeing that the family trust at issue is administered correctly and in keeping with the expressed desires of the trustors.

Defendant also challenges the propriety of Plaintiffs' claim of attorney-client privilege with respect to six documents, some of which are also asserted to be subject to the common interest privilege (documents numbered 16, 20, 28, 29, 30, and 31). With respect to these documents, Defendant maintains that any privilege has been waived by Plaintiffs' sharing these communications with a third party.

The undersigned Magistrate Judge is unable to determine whether the disputed communications satisfy the requirements for privileges from the understandably brief descriptions contained in Plaintiffs' privilege log (Docket Entry No. 13-1). Accordingly, the undersigned directs that counsel for Plaintiffs deliver to the undersigned's chambers, but not file, photocopies of the documents numbered 1, 2, 3, 4, 5, 6, 8, 11, 12, 15, 16, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31 on Plaintiffs' privilege log for

5

an *in camera* inspection by the Court. Each copy shall be labeled so as to permit identification by number with its listing on the privilege log. Plaintiffs' counsel shall deliver copies of the foregoing documents to the undersigned chambers on or before **Friday, April 5, 2013**. Following an examination of these documents, the Court will make a further ruling on Defendant's motion to compel their production.

<u>Objections to additional interrogatories requests for production</u>. Defendant also seeks an order compelling additional responses to Interrogatories No. 18, 19, and 22, as well as further responses to Requests for Production No. 17, 18, and 25 (Docket Entry No. 13 at 3-4). Plaintiffs have objected to these interrogatories and requests for production on grounds of lack of relevance, their "harassing and embarrassing" nature, and the assertion that these requests are "not reasonably calculated to lead to the discovery of relevant or admissible evidence."

Interrogatories No. 18, 19, and 20 and Request for Production of Documents No. 25 seek information about Plaintiffs arrest and criminal convictions, their litigation history and any suspensions of their driver's licenses. In support of these requests, Defendant argues first that Defendant Lambert responded to an almost identical interrogatory served by Plaintiffs and that "what is good for the goose is good for the gander." (Docket Entry No. 14 at 13-14). Further, Defendant argues that Plaintiffs' involvement in other legal matters, civil or criminal, could lead to the discovery of information relevant to Plaintiffs' credibility as a witness for character for truthfulness.

6

With respect to Interrogatory No. 18 and Request No. 25, the undersigned **GRANTS** in part Defendant's motion to compel and orders Plaintiffs to serve a supplemental response regarding any history of a prior criminal conviction, other than a Class C misdemeanor. With respect to the remainder of Interrogatory No. 18 and Request No. 25, Defendant's motion to compel is **DENIED**.

With respect to Interrogatory No. 19, seeking information about prior civil litigation, the undersigned Magistrate Judge finds that this interrogatory is neither harassing, embarrassing, nor unduly burdensome. Accordingly, the undersigned **GRANTS** Defendant's motion and directs Plaintiffs to file supplement responses in answer to Interrogatory No. 19.

Interrogatory No. 22 seeks information about any suspension or revocation of Plaintiffs' driver's licenses. The undersigned finds that this information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Therefore, Defendant's motion to compel further response to this interrogatory is **DENIED**.

Requests for Production No. 17 and 18 seek certain records regarding Plaintiff Sarah Smedley's attendance, grades, and tuition payments and refunds at any school she has attended since graduating from high school. Defendant argues that Plaintiffs have opened the door to discovery of this information by an allegation in Paragraph 15 of their complaint asserting that Defendant wrongfully stopped paying Plaintiff Sarah Smedley's college tuition out of the Smedley Trust. Defendant maintains that Plaintiff Sarah Smedley "was enrolling in various education institutions and subsequently dropping out and obtaining a tuition refund, without

7

informing Defendant Lambert, as trustee." (Docket Entry No. 13 at 5). The undersigned Magistrate Judge finds that discovery into these matters is appropriate, and **GRANTS** Defendant's motion to compel. Plaintiffs shall produce documents and information responsive to Requests for Production No. 17 and 18.

To the extent that Defendant's motion to compel seeks an award of fees, her motion is **DENIED**.

In light of the ruling herein, the **Clerk** is directed to **TERMINATE** Defendant's motion to ascertain status (Docket Entry No. 23) as moot.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge